IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA L. T., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-370-JFJ |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Dana L. T. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.      General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician;

the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th

Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II. Procedural History and the ALJ's Decision

Plaintiff, then a 49-year-old female, applied for Title II disability insurance benefits and Title XVI supplemental security income benefits in June 2020. R. 10, 269-282. In both applications, Plaintiff alleged a disability onset date of March 31, 2020. R. 10, 269-282. Plaintiff claimed she was unable to work due to conditions including blind or low vision, heart attack 3 times, triple heart bypass 2009, high blood pressure, COPD, scoliosis, coronary artery disease, anxiety, and "a fib." R. 316. Plaintiff's claims for benefits were denied initially on November 17, 2020, and on reconsideration on March 19, 2021. R. 74-167. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted a hearing on January 4, 2022. R. 45-73. The ALJ issued a decision on February 24, 2022, denying benefits and finding Plaintiff not disabled because she could perform other work existing in the national economy. R. 10-34. The Appeals Council denied review, and Plaintiff appealed. R. 1-3; ECF No. 2.

The ALJ found Plaintiff's date last insured to be December 31, 2025. R. 12. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 31, 2020. *Id.* At step two, the ALJ found that Plaintiff had the following severe

3

impairments: chronic heart failure, ischemic heart disease, obesity, anxiety disorder, and depressive disorder. R. 13. At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments. R. 13.

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ concluded that Plaintiff had the RFC to perform a range of light work as follows:

> [S]he can occasionally lift and/or carry including upward pulling of 20 pounds and can frequently lift and or carry including upward pulling of 10 pounds. The claimant can sit for 6 hours in an 8 hour workday with normal breaks. She can stand and/or walk with normal breaks for 6 hours in an 8 hour workday. The claimant's ability to push and or pull, including operation of hand or foot controls is unlimited up to the lift and carry restrictions of 20 and 10 pounds. The claimant can occasionally climb ramps and stairs  No work on wet, slippery, icy surfaces or uneven terrain. The claimant can occasionally stoop, kneel, crouch but no crawling. The claimant cannot work on ladders, ropes or scaffolds, unprotected heights, or around dangerous machinery. No work with vibrating tools such as power tools, and air compression types of tools. She should avoid frequent exposure to fumes, odors, dusts, gases, and poor ventilation. The claimant has the ability to learn, recall and use information to perform uninvolved instructions and work related procedures. No detailed tasks. The claimant has the ability to focus and concentrate on uninvolved tasks for 2 hour periods over an 8 hour workday and 40 hour workweek with normal breaks without interruption from psychological based symptoms. The claimant can have occasional contact with the general public, supervisors, and co-workers. Any changes in the work environment should be infrequent.

R. 17. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 32. Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five that Plaintiff could perform other unskilled light jobs, such as Final Assembler, Assembler Small Products, and Hand Packager. R. 33. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). *Id.* Based on the VE's testimony, the ALJ concluded these positions existed in significant numbers in the national economy. *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled through the date of decision.

**III.     Issue**

Plaintiff raises one point of error in her challenge to the denial of benefits: the ALJ failed to resolve inconsistencies between VE testimony and the DOT regarding whether Plaintiff could perform work in the national economy at step five.  ECF No. 16.

**IV.     Analysis - Plaintiff's RFC Is Compatible with Jobs Requiring Level-Two Reasoning**

Plaintiff argues that her mental RFC, which included "the ability to learn, recall and use information to perform uninvolved instructions and work related procedures" but "[n]o detailed tasks," (R. 17) should preclude all of the step-five jobs as beyond her mental capabilities.  Plaintiff argues her mental RFC limitations are incompatible with the jobs identified by the VE, because the DOT assigns them a reasoning level of two.  *See* DOT 789.687-046 (Final Assembler), 739.687-030 (Assembler Small Products), 559.687-074 (Hand Packager).  Given the alleged conflict, Plaintiff contends the ALJ was required to resolve the conflict through eliciting testimony from the VE but failed to do so, which amounted to reversible error.

The reasoning level component is a classification under the General Educational Development ("GED") scale.  DOT App'x C, § III, 1991 WL 688702.  The GED scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development.  *Id.*  The "Reasoning Development" division of the GED scale is divided into six levels.  A job with a reasoning level of two requires the worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.*

Plaintiff argues that the VE's testimony that a hypothetical individual with Plaintiff's RFC could perform the three step-five jobs created an "apparent unresolved conflict" with the DOT. *See* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2 (explaining that when an "apparent unresolved conflict" exists between VE testimony and the DOT, the ALJ "must elicit a

5

reasonable explanation for the conflict" before relying on the VE's testimony to support the disability determination). Plaintiff's argument is not persuasive. The Tenth Circuit has stated that an RFC limitation to simple and routine work tasks appears consistent with level-two reasoning. *Hackett*, 395 F.3d at 1176. *See also Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (rejecting argument that limitation to simple, repetitive, and routine work should be construed as a limitation to level-one reasoning jobs, citing *Hackett*). Plaintiff does not persuasively explain how her mental RFC for "no detailed tasks" is inconsistent with a GED reasoning level of two, particularly in light of the Tenth Circuit's findings in *Hackett* and *Stokes*. Accordingly, no conflict exists between Plaintiff's RFC limitation to "no detailed tasks" and the level-two reasoning required by the step-five jobs.

The majority of opinions from Oklahoma district courts also agree with *Hackett* and *Stokes* in finding that a limitation to simple tasks is consistent with level-two reasoning. *See, e.g., James A.M. v. Kijakazi*, No. 20-cv-372-JED-SH, 2022 WL 1510563, at *5-6 (N.D. Okla. Jan. 26, 2022) (finding "no conflict between the RFC for [simple, routine tasks] and level-two reasoning," collecting cases and finding holding in *Stokes* to be "on point and persuasive"), *report and recommendation adopted sub nom. A. M. v. Kijakazi*, No. 20-CV-0372-NDF-SH, 2022 WL 1014952 (N.D. Okla. Apr. 5, 2022); *Peggy S.C. v. Kijakazi*, No. 19-CV-0387-CVE-JFJ, 2021 WL 4148089, at *8 (N.D. Okla. Sept. 13, 2021) (finding limitation of "simple repetitive tasks" consistent with level-two reasoning, citing *Hackett* and *Stokes*); *Zavala v. Kijakazi*, No. CIV-20-1139-STE, 2021 WL 6051107, at *4 (W.D. Okla. Dec. 21, 2021) (finding RFC limitation of ability to "understand, remember and carry out simple, routine and repetitive tasks" consistent with reasoning level two jobs, citing *Hackett*); *Couch v. Berryhill*, No. CIV-15-428-RAW-KEW, 2017 WL 1194344, at *4 (E.D. Okla. March 13, 2017) ("In accordance with the court's findings in

6

*Hackett*, a restriction to simple work is consistent with this reasoning level [of 2].")*, report and recommendation adopted*, 2017 WL 1193998 (E.D. Okla. Mar. 30, 2017).

In support of her argument that an RFC limitation of "no detailed tasks" is inconsistent with GED level-two reasoning, Plaintiff relies on the Tenth Circuit's unpublished opinion in *Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016). Plaintiff's reliance on *Paulek* is flawed. *Paulek* addressed an apparent conflict between a limitation to "understanding, remembering, and carrying out simple instructions" and a step-five job requiring a reasoning level of *three*, which is more demanding than level-two reasoning. *Id. See* DOT App'x C, § III (stating that a job with level-three reasoning requires worker to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations"). *Paulek* did not decide whether either the "simple instructions" or "simple tasks" limitation was consistent with level-two reasoning.[1]

---

[1] The panel in *Paulek* also noted the Tenth Circuit has "not spoken to whether a limitation to simple and routine work *tasks* is analogous to a limitation to carrying out simple *instructions*," but stated the Eighth Circuit "has held that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning." 662 F. App'x at 594 (emphasis added) (citing *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)). As Plaintiff points out, courts in this circuit have at times relied on this language in *Paulek* to conclude that a limitation to "simple instructions" is inconsistent with level-two reasoning. *See, e.g., Rodgers v. Kijakazi*, No. CIV-21-12-STE, 2022 WL 801560, at *4-5 (W.D. Okla. Mar. 15, 2022) (explaining that a limitation to "simple, routine, and repetitive tasks" is consistent with level-two reasoning but finding limitation to "simple instructions" is not, citing *Paulek*). Here, Plaintiff's RFC involved "tasks," not "instructions," and the Court does not reach whether to extend *Hackett* and *Stokes* to cases involving simple "instructions" and level-two reasoning jobs. Notably, courts are divided on this issue. *Compare Rodgers*, 2022 WL 801560, at *4-5, *with Ashley I.S.C., v. Kijakazi*, No. 22-CV-00201-SH, 2023 WL 5628598, at *7 (N.D. Okla. Aug. 31, 2023) (rejecting argument "that there is an apparent conflict between 'simple instructions' (or tasks) and level-two reasoning") *and Rainwater v. Colvin*, No. 15-CV-491-GKF-FHM, 2016 WL 11468941, at *2 (N.D. Okla. Sept. 21, 2016) (explaining that, although the DOT "employ[s] the word 'detailed,' reasoning level 2 jobs are not inconsistent with" a limitation of being able to understand, remember, and carry out simple instructions), *report and recommendation adopted*, 2016 WL 6561298 (N.D. Okla. Nov. 4, 2016).

Plaintiff also relies on an unpublished district court case in support of her argument that an RFC limitation to "simple, not detailed, work related tasks" is inconsistent with GED level-two reasoning. *Wiggins v. Colvin*, No. CIV-14-103-R, 2015 WL 5157492, at *3 (W.D. Okla. Sept. 2, 2015). *Wiggins* does not squarely support Plaintiff's position and is not persuasive. In *Wiggins*, the issue was that the ALJ did not convey this mental limitation to the VE during the hypothetical questioning at the claimant's hearing. The Commissioner in *Wiggins* argued it was "irrelevant" whether the claimant had the RFC to perform the jobs the VE identified with reasoning levels two and three. *Id.* at 2. The court disagreed, finding a relationship existed between the RFC and the GED reasoning level for a particular job, citing *Hackett*. *Id.* at 3. While the court stated that Plaintiff's inability to understand, remember and carry out detailed work-related tasks "seems inconsistent with the demands of even level two reasoning," the court's ruling was based on the ALJ's failure to convey this limit to the VE. *Id.* at 3. Here, by contrast, the ALJ conveyed the "no detailed tasks" limitation to the VE, and the VE testified about available jobs with that limitation.

## V.  Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED.**

**SO ORDERED** this 12th day of September, 2023.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

8